UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br>CDCR #AH-1995,<br><br>       Plaintiff,<br> v.<br>DOE #1,<br><br>       Defendant. | Case No.: 3:20-cv-1564-BAS-BGS<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[ECF No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Raul Arellano ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding *pro se*, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) In addition, Plaintiff has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by an RJD accounting officer. (ECF No. 4 at 1.) *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *King*, 398 F.3d at 1119. This certificate attests that Plaintiff carried an average monthly balance of $0.01 and had average monthly deposits of $0.00 to his account over the six-month period immediately preceding the filing of his Motion. At the time of filing, Plaintiff had only an available balance of $0.05. (*See* ECF No. 4 at 1.) Thus, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee at this time. However, the remaining balance of the $350 total fee owed in this

case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.   SCREENING

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The "mere possibility of misconduct" or "unadorned,

the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.  Plaintiff's Allegations

Plaintiff alleges "on or around 2017 or 2018" his son came to visit him at RJD. (Compl. at 3.)  However, Plaintiff claims "Officer Doe #1" sent his son "back home because [Doe #1] didn't like [Plaintiff]" because Plaintiff filed grievances and lawsuits and "because [Plaintiff] should not have visits." (*Id.*)

Plaintiff claims that this unnamed officer "intimidated [his] son by telling him he would make sure he won't visit [Plaintiff] again." (*Id.*)  He further claims this officer told his son that if he "visits [Plaintiff] again, he would hurt [Plaintiff]." (*Id.*)  Plaintiff's son "left and didn't tell [Plaintiff] anything about such incident." (*Id.*)

On July 1, 2019 "or around there," Plaintiff claims his son tried to visit him but "was rejected because according to computer his visiting privileges [were] revoked." (*Id.*) Plaintiff claims that there was no explanation or reason given as to why his son's visiting privileges were revoked. (*See id.*)

On July 12, 2019, Plaintiff filed a grievance seeking reinstatement of his son's visiting privileges and to obtain an explanation for why they were initially revoked. (*See id.*)  On September 29, 2019, Plaintiff alleges that his "son briefly told [him] about the incident and how the intimidation caused him not to try to visit [him] all that past year." (*Id.*)  As a result, Plaintiff filed a "staff misconduct" grievance. (*Id.*)

Plaintiff received a response to his grievances in which he was told that his son had to "re-apply for visit or to file a grievance." (*Id.*)  Plaintiff claims Doe #1 "committed an adverse action by prevent [Plaintiff]" from "receiv[ing] visits" from his son. (*Id.*)

Plaintiff seeks injunctive relief, $100,000 in compensatory damages, $120,000 in punitive damages, and $10,000 in "nominal damages." (*Id.* at 7.)

### C.  Retaliation

A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).  First, Plaintiff must allege that the retaliated-against conduct is protected.

4

*Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).[2]  Second, Plaintiff must allege Defendants took adverse action against him.[3]  *Rhodes*, 408 F.3d at 567.  Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct.  *Watison*, 668 F.3d at 1114.  Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted).  Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Watison*, 668 F.3d at 1114–15.

Here, Plaintiff's claims of retaliation suffer from a number of deficiencies.  Plaintiff does not know the purported date that the alleged act of retaliation occurred.  In fact, Plaintiff is unaware if this act occurred in "2017 or 2018"[4] and he does not know the identity of the Defendant whom he accuses of acting in retaliation.  As stated above, Plaintiff must allege a causal connection between the adverse action and the protected conduct. *Watison*, 668 F.3d at 1114.  "[W]hile the 'time and nature' of an allegedly adverse action can 'properly be considered' as circumstantial evidence of retaliatory intent, the official alleged to have retaliated must also be alleged to have been aware of the plaintiff's protected conduct." *Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1315–16 (9th Cir. 1989).  Plaintiff does not allege how this Defendant knew Plaintiff filed grievances or lawsuits or even which grievances or lawsuits this unnamed Defendant was allegedly referring to when he spoke to Plaintiff's son.  "[M]ere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).  Thus, the Court finds that Plaintiff offers no plausible facts that would show a causal

---

[2] The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

[3] The adverse action need not be an independent constitutional violation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  "[T]he mere threat of harm can be an adverse action . . . ." *Brodheim*, 584 F.3d at 1270.

[4] In fact, Plaintiff purportedly did not even learn of this alleged retaliatory act until his son allegedly "briefly told [him] about the incident" on September 29, 2019.  (Compl. at 3.)

connection between the purported grievances and lawsuits filed by Plaintiff and the alleged retaliatory action by the unknown Defendant.

Accordingly, the Court finds that Plaintiff has failed to state a plausible First Amendment retaliation claim upon which relief may be granted.

### D. Familial relationships

Plaintiff also claims that he has been denied his Fourteenth Amendment "right to maintain certain familial relationships." (Compl. at 2.) "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223–27 (1976). However, the Supreme Court significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his confinement which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. Plaintiff alleges "Doe #1 violated this right" to see his son. (Compl. at 2.) While Plaintiff also alleges that his son's visitation rights have not been reinstated, Plaintiff has attached copies of responses to his administrative grievances in which he has been told by prison officials that it is the responsibility of his son to "contact the Visiting Department and follow procedures." (*See* Compl. at 12–13, Second Level Response Log No. RJD-C-19-06625.) Moreover, Plaintiff was told that he "may inform your son to reapply to visit you, as his visiting suspension expired on August 7, 2017." (*Id.* at 13.) Plaintiff does not allege

that there was any attempt on his part, or on the part of his son, to reapply for his visitation rights.  In addition, Plaintiff does not allege that his son was prevented from applying for visitation privileges as instructed.  Moreover, the Due Process Clause does not guarantee a right of unfettered visitation.  *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460–61 (1989).  Accordingly, the Court finds that Plaintiff has failed to allege a liberty interest and thus, has failed to state a due process claim.

### III.   CONCLUSION AND ORDERS

Based on the foregoing, the Court:

1)     **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2)     **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3)     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4)     **DISMISSES** Plaintiff's Complaint (ECF No. 1) *sua sponte* for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5)     **GRANTS** Plaintiff until **October 16, 2020** in which to file an Amended Complaint which cures the deficiencies of pleading noted.  Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v.*

*Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

Plaintiff's Amended Complaint, should he elect to file one, must be captioned as his "First Amended Complaint," contain S.D. Cal. Civil Case No. 20-cv-01564 BAS (BGS) in its caption, and comply both with Fed. R. Civ. P. 8 and with S.D. Cal. CivLR 8.2.a. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

If Plaintiff fails to file an Amended Complaint by October 16, 2020, *or* if he files an Amended Complaint that still fails to allege any plausible claim for relief against any Defendant that is timely, the Court will dismiss all untimely claims without further leave to amend pursuant to 42 U.S.C. § 1915(e)(2) and § 1915A.

**IT IS SO ORDERED.**

DATED: September 4, 2020

Hon. Cynthia Bashant
United States District Judge