# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, CDCR #AH-1995,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE #1,<br><br>Defendant. | Case No.: 20-cv-01564-BAS-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 12)** |

Plaintiff Raul Arellano, incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, on August 12, 2020. (*See* Compl. at 1, ECF No. 1.) Before the Court is Plaintiff's Motion for Reconsideration of this Court's December 2, 2020 Order Dismissing Plaintiff's First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). (ECF No. 9.)

Because Plaintiff fails to present any newly discovered evidence, demonstrate any clear error, or point to an intervening change in the controlling law since the Court dismissed his FAC, his Motion for Reconsideration is **DENIED**.

**I.   BACKGROUND**

This case involves Plaintiff's claims against one Defendant, John Doe #1, a correctional officer purportedly employed at RJD.[1] (Compl. at 1–2.) On September 8, 2020, the Court dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28

---

[1] Plaintiff offers no identifying factors as to who this officer is; therefore, it is not at all clear whether this officer is currently employed at RJD.

U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). (ECF No. 5.) Plaintiff was granted leave to file an amended pleading to correct the deficiencies identified in the Court's Order. (*Id.*) On November 12, 2020, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 8.) However, the Court once again found that Plaintiff failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b) and dismissed his FAC without leave to amend. (ECF No. 9.)

Plaintiff now seeks reconsideration of this December 2, 2020 Order denying him leave to amend his pleading. (Mot. for Reconsideration ("Motion"), ECF No. 12.)

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), permits motions for reconsideration within "30 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). In *Osterneck*, the Supreme Court stated that "a post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *McDowell*

*v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## III.   DISCUSSION

In Plaintiff's Motion for Reconsideration, which is timely filed pursuant to S.D. Cal. CivLR 7.1(i)(2), he claims that he has stated First, Eighth, and Fourteenth Amendment claims arising from the allegations that he was denied visitation visits from his son. (*See* Pl.'s Mot. at 1–3, ECF No. 12.)

The main allegation in Plaintiff's FAC is that "on or about [July 8, 2017]," his son came to visit him at RJD "but an unknown officer sent [his] son back home." (FAC at 5.) Purportedly, this "unknown officer"—who is named as the sole Defendant John Doe #1— told Plaintiff's son that he "didn't like" Plaintiff because he filed grievances and lawsuits against "prison personnel in general." (*Id.* at 5.)  As a result, Defendant was allegedly going to "make [Plaintiff's] life miserable by not letting [his] son visit." (*Id.*)  Allegedly, Plaintiff's son did not tell him these events had transpired until July 2019. (*See id.*)  When Plaintiff learned of Defendant's actions, he filed a grievance to reinstate his son's visiting privileges. (*See id.*)  Plaintiff's grievance was denied on November 22, 2019 and he was informed that he should tell his son to re-apply for visitation privileges again. (*See id.*)  Instead of doing so, Plaintiff filed this action seeking injunctive relief, $100,000 in compensatory damages, $120,000 in punitive damages, and $10,000 in unspecified damages. (*Id.* at 4.)

### A.   Fourteenth Amendment Claims

First, Plaintiff argues that the loss of visitation by his son for three years constitutes an "atypical and significant hardship" sufficient to implicate a liberty interest under the Due Process Clause of the Fourteenth Amendment. (Pl.'s Mot. at 4.)  As the Court found in its December 2, 2020 Order, the Supreme Court has expressly held that the loss of visitation privileges for a limited duration is simply "within the range of confinement to be normally expected for one serving [an indeterminate sentence]," and, therefore, not "atypical." (Order at 4 (citing *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (finding

prisoner's two-year loss of visitation privileges did not violate due process because it was "not a dramatic departure from accepted standards for conditions of confinement.")).)

Plaintiff claims that the Court did not consider that his son has refused to visit him since July 2017, which is a period exceeding three years. (*See* Pl.'s Mot. at 1.) While Plaintiff's son may have chosen not to visit him in that time, Plaintiff acknowledges that Defendant denied his son the ability to visit him only once and attaches exhibits showing that the suspension was for only thirty (30) days. Moreover, the only named Defendant is an unknown correctional office and there are no other correctional officers identified who played any role in denying visitation by Plaintiff's son. There are no facts in Plaintiff's FAC or his current Motion to support a finding that the denial of visitation on one occasion, or even a suspension of visitation privileges for thirty (30) days, rises to the level of "atypical and significant" or is a dramatic departure from the conditions of his confinement.

### B.     Eighth Amendment Claim

The Court also noted in its previous Order that "while a visitation restriction 'undoubtedly makes the prisoner's confinement more difficult to bear, . . . [] it does not . . . fall below the standards mandated by the Eighth Amendment.'" (Order at 5 (quoting *Overton*, 539 U.S. at 136).)

In his Motion, Plaintiff offers no additional facts to support his claim that he has been subjected to cruel and unusual punishment as a result of his son's purported decision not to visit him. Plaintiff's son only made one attempt to visit him which was allegedly denied by an unknown officer and Plaintiff was later told that the suspension of the visitation privileges for his son would last only thirty (30) days. Plaintiff does not allege that his son ever tried to visit him again or apply for reinstatement of his privileges. In fact, even after Plaintiff received responses to his grievances informing him that his son could re-apply for visiting privileges, it appears that his adult son chose not to. The actions or inaction of his son cannot establish a claim for cruel and unusual punishment.

### C. First Amendment Claim

In the Court's December 2, 2020 Order, it was found that Plaintiff had again failed to allege a First Amendment retaliation claim. (Order at 7.) Specifically, the Court found that Plaintiff failed to sufficiently allege facts that the one-time denial of visitation by his son demonstrated that he "suffered some other harm" that was "more than minimal." (Order at 7 (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269–70 (9th Cir. 2009); *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012); *Rhodes v. Robinson*, 408 F.3d 559, 568 n.11 (9th Cir. 2005)).) Plaintiff attached to his original Complaint an exhibit showing that his adult son's visitation privileges were suspended on July 7, 2017 for "[d]isruption of the [v]isiting area" and the suspension ended on August 7, 2017. (Compl. at 41; Visitor Profile, Raul Arellano Jr., Ex. to Compl.) In his Motion, Plaintiff argues that the Court erred in finding that there was no adverse action against him. (Pl.'s Mot. at 3.)

A retaliation claim has five elements. *Brodheim*, 584 F.3d at 1269. First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison*, 668 F.3d at 1114.[2] Second, Plaintiff must allege Defendant took adverse action against him.[3] *Rhodes*, 408 F.3d at 567. Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct. *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Watison*, 668 F.3d at 1114–15.

According to Plaintiff's own allegations, he was denied visitation by his son on one occasion. Plaintiff claims his son told him years later that he was not allowed to visit.

---

[2] The filing of an inmate grievance is protected conduct. *Rhodes*, 408 F.3d at 568.

[3] The adverse action need not be an independent constitutional violation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere threat of harm can be an adverse action . . . ." *Brodheim*, 584 F.3d at 1270.

While Plaintiff claims his son was afraid to visit, which may or may not have been a valid concern, that does not explain why his son did not inform Plaintiff of this alleged event until years later. Moreover, there are no allegations that this unnamed officer threatened Plaintiff's son not to tell Plaintiff why he was not permitted to visit. As the Court found in its December 2, 2020 Order, when Plaintiff was informed of this alleged event, he quickly filed a grievance, after which prison officials informed him that his son could reapply for visitation privileges. (*See* Order at 6–7.) Plaintiff admits that his son has not re-applied for visitation. (*See* Pl.'s Mot. at 3.) Plaintiff claims that his son refuses to re-apply because Plaintiff filed a grievance "ask[ing] for officer [to] be removed from his visiting position so my son can feel comfortable to visit, [b]ut the grievance response didn't do it." (*Id.*) It is unclear how, even if prison officials could grant such a request, they would be able to do this given that Plaintiff does not identify who this officer is or give any information that would identify this officer.

Plaintiff has not alleged facts to show that the denial of a visit by his adult son on one occasion, a fact he was completely unaware of until years later, is a harm that is "more than minimal." *Brodheim*, 584 F.3d at 1269-70.

In order to justify reconsideration, Local Civil Rule 7.1(i) requires Plaintiff to show that "new or different facts and circumstances . . . exist which did not exist, or were not shown," at the time the Court dismissed his FAC. He has failed to point to any, and instead, raises the same claims, and makes the same arguments based on the same allegations in his current Motion for Reconsideration as he did in his FAC.

Finally, "[a]lthough Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Indeed, a motion for reconsideration [under Rule 59(e)] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*

(citation and internal quotation marks omitted). Motions for reconsideration, like Plaintiff's current Motion, do not provide him with a another "bite at the apple," *Weeks v. Bayer*, 246 F.3d 1231, 1236–37 (9th Cir. 2001), and may not "be used to ask the Court to rethink what it has already thought." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998); *see also Ramser v. Laielli*, No. 3:15-CV-2018-CAB-DHB, 2017 WL 3524879, at *1 (S.D. Cal. Aug. 15, 2017) (citing *Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992)) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal."); *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (citation omitted), *aff'd* 37 F.3d 1485 (3d Cir. 1994).

## IV.  CONCLUSION AND ORDER

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration of the Court's December 2, 2020 Order dismissing his FAC for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**IT IS SO ORDERED.**

**DATED: February 10, 2021**

Hon. Cynthia Bashant
United States District Judge